## MINGES et al. v. MATHEWSON.

(Supreme Court, Appellate Division, Fourth Department.   November 12, 1901.)

WILLS—CONSTRUCTION—INTENTION—ABSOLUTE GIFT—LIFE ESTATE.

Testator's will gave his daughter the undivided one-fourth part of all his property, "and rents and profits, use, interest, and income thereof, and on her death whatever may remain of said property, principal, interest, or income, unexpended by her," to her children, and "it is my will that she shall use, dispose of, or expend so much" of the said estate "as she may choose, during her natural life."   *Held*, that the daughter took a life estate only, with power to dispose of it during life, and she could not dispose of the property by her will.

Appeal from special term, Erie county.

Proceedings by Fred Minges and another against Addison C. Mathewson, individually and as executor of the will of Jane Eliza Mathewson.   From a judgment in defendant's favor, plaintiffs appeal.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Jesse L. Grantier, for appellants.
Delbert A. Adams, for respondent.

HISCOCK, J. The plaintiffs brought this action, seeking to have the provisions of the will of one Jane Eliza Mathewson adjudged invalid and inoperative so far as they attempted to dispose of certain property received by said testator under and by virtue of the will of her father, one Gibbs, and to compel the defendant executor to account for such property after payment of debts, etc. The said plaintiffs are the grandchildren of said testator and children of a deceased daughter. Defendant's demurrer to the sufficiency of the complaint both in the court below and upon this appeal has involved the construction of a certain clause in the will of said Gibbs; the question being whether said provision gave to defendant's testator certain property absolutely, or only a life interest therein, with the power of disposing during life of the principal also. The clause in question, so far as material, reads:

"First. I give, devise, and bequeath unto my daughter Jane Eliza Mathewson * * * the undivided one-fourth part of all the property or estate, real and personal, of which I may die seised or possessed, the rents and profits, use, interest, and income thereof; and on her death whatever may remain of said property, principal, interest, or income, unexpended by the said Jane Eliza, I give, devise, and bequeath to the children of her body, alive at the time of her decease, in equal shares; * * * and it is my will. that the said Jane Eliza shall use, dispose of, or expend so much of the said property and estate, real or personal, use, income, and interest, as she may choose, during her natural life."

The respondent contends, and the learned justice at special term has held, that under this provision defendant's testator took absolutely an undivided one-fourth part of said Gibbs' estate, that no remainder over or interest was created for the benefit of these plaintiffs, and that therefore they are entitled to no relief under their complaint in this action. This conclusion has been reached by holding that the first sentence quoted, namely, "I give, devise, and bequeath unto my daughter Jane Eliza Mathewson * * * the undivided one-fourth part of all the property and estate, real and personal, of which I shall die seised or possessed" is to be considered and treated as standing by itself, and as a completed expression of the testator's intention towards his daughter, and as a full and perfected disposition of the property in said clause referred to. Proceeding upon this basis and assumption, it has been contended by respondent and held that the following sentences and provisions in the clause quoted from are insufficient to modify, restrict, or cut down the absolute devise thus expressed in the sentence last quoted; are insufficient to create any limitation over of such absolute estate for the benefit of these plaintiffs. Conceding that upon such assumption such conclusions would follow, we are unable to reach said conclusions, because we are unwilling to make such assumption. We have not deemed it necessary in this case to resort to any technical or obscure rules of construction by which to interpret the intention of the testator as expressed in the will in question. It has been necessary only, and is safer, to keep in mind certain general, broad principles, which amply cover and provide for such a case

It is the primary rule of construction, to which all others must bend, that the intention of the testator must govern. No positive rule of ready application to every case can be laid down, but each will depend upon a consideration of all the material provisions of the will to be construed, etc. De Laney v. Van Aulen, 84 N. Y. 16. Words are to receive the natural sense in which they are used, and such meaning, as it appears from judicial inspection, is to prevail over punctuation and capitals, which are to be regarded as uncertain aids in the interpretation of written instruments, and to be resorted to only when all other means fail. Kinkele v. Wilson, 151 N. Y. 277, 45 N. E. 869. If the construction urged by respondent is applied of treating the one sentence quoted as a completed expression of the testator's intention, we are not only compelled to disregard remaining provisions of the clause in question, but they become either senseless or contradictory of the meaning given to said first sentence. If the testator intended to, and did, give to his daughter an unqualified undivided one-fourth part of his property absolutely, it was superfluous and foolish to then say that she was to have the rents and profits and the use and income of it, and still further to say that she should have the right to use such property and dispose of or expend so much thereof, and of the income and interest, as she might choose during her natural life. It was contradictory to provide that she should have an absolute estate, and then that a remainder upon her death should go to her children. It may be conceded, as stated, that, if the testator had chosen, he might do all this. He might absolutely give and devise to his daughter this share in his estate, and might then annex any number of provisions which would be entirely nugatory and inoperative. But here we are endeavoring to determine what was the intention of the testator, and whether it is to be believed that he meant to do any such thing as this, or to make a clause which in certain of its provisions should be as unavailing as the contention of respondent makes it. It certainly is our duty not to place such a construction upon his intention as expressed by words, if it can be fairly and properly avoided, as we think it can be, construing together all of the sentences in the clause in question relating to this subject. Doing this, and giving to certain words what we think is their true meaning, we may read this clause as follows:

"I give, devise, and bequeath unto my daughter * * * the undivided one-fourth of all the property," etc., "of which I shall die seised or possessed, —that is, the rents and profits, use, interest, and income thereof; and upon her death whatever may remain of said property, principal, interest, or income, unexpended by the said Jane Eliza, I give, devise, and bequeath to the children of her body. * * * And it is my will that the said Jane Eliza shall use, dispose of, or expend so much of the said property and estate, real or personal, use, income, and interest, as she may choose, during her natural life."

Thus reading the clause, a reasonable construction and interpretation is given to every part of it, and none of the language becomes either useless, absurd, or contradictory. The beneficiary takes a life estate, with the privilege of disposing during life of the principal as well as the income, and at her death whatever may remain goes to her children. We think this is the true meaning of the clause,

and especially of the first sentence therein. As before stated, if the testator intended by the first sentence to give his daughter an absolute estate, there was no propriety in his following immediately with a reference to the rents, profits, and income. When, however, we construe all of his words together, and take the words "rents and profits, use, interest, and income thereof," as defining what the testator really meant by the gift in the prior sentence of one-fourth of his property and estate, not only do those words become intelligent and harmonious, but the following provisions in the clause are clothed with sense and meaning. A result is worked out which, judged by the facts appearing upon the face of the pleading before us, is proper and natural. The testator's daughter is provided for during her life, even to the extent of allowing her to expend the principal of the property covered by the provision in question, and, not seeing fit to do this, the remainder goes to her children,—natural objects both of her bounty and of that of the original testator.

In accordance with these views, we think the judgment sustaining defendant's demurrer should be reversed, with costs, with leave to the defendant to answer upon payment of the costs of the demurrer and of this appeal. All concur.

Judgment reversed, with costs, with leave to defendant to answer upon payment of costs of demurrer and of this appeal.